Vivian M. RODE, and Jay C. Hileman, Plaintiffs,

v.

Nicholas G. DELLARCIPRETE, John Harhigh, Josephine Fure, Ruth Brown, Robert Kinch, Jay Cochran, Jr., Pennsylvania State Police, and Commonwealth of Pennsylvania, Defendants.

Civ. A. No. 85–0791.

United States District Court, M.D. Pennsylvania.

Dec. 31, 1986.

See also 646 F.Supp. 876.

Laurence W. Dague, Harrisburg, Pa., Dianne E. Dusman, Hummelstown, Pa., for plaintiffs.

Andrew S. Gordon, Chief, Deputy Atty. Gen. and Calvin R. Koons, Deputy Atty. Gen., Harrisburg, Pa., for Dellarciprete, Harhigh, Fure, Brown and Kinch.

### MEMORANDUM

CALDWELL, District Judge.

*Introduction and Background*

By our memorandum and order of October 21, 1986, we directed the parties to submit briefs addressing the contention of plaintiff, Vivian Rode, that Administrative Regulation 4–6 of the Pennsylvania State Police is facially unconstitutional. In that memorandum and order, we held that while Rode did not engage in conduct protected by the United States Constitution she was, nevertheless, entitled to proceed with her constitutional challenge. Essentially, it is Rode's position that the following provisions of Administrative Regulation 4–6 are, on their face, vague and overbroad:

#### 6.0.3 GENERAL PROVISIONS

A. *Deportment:* Employees of the Pennsylvania State Police shall conduct themselves at all times in such a manner as to reflect most favorably on the Department and the Commonwealth thereby promoting good public relations. Undesirable conduct shall include immorality or any act or conduct not specifically mentioned in these rules which tends to bring the Department and/or Commonwealth into disrepute or reflects discredit upon the individual employee.

\*     \*     \*     \*     \*     \*

2. Loyalty to Department: An employee shall support the official policies of the Department and implement these policies to achieve results, and shall report to his/her immediate supervisor any other employee known to have violated any directive or order issued for the guidance of Department employees. An employee shall not circulate any scandalous report or story about another employee, whether true or untrue; initiate or spread rumors, nor engage in conversation, discussions, or deliberations of a nature derogatory to the Department.

\*     \*     \*     \*     \*     \*

B. *Information—Official:*

1. Dissemination of Information: An employee shall treat official business of the Department as confidential. Information on Department operations shall be disseminated only to those persons for whom it is intended, as directed by a supervisor or under due process of law.

2. Directives: An employee is permitted to divulge the contents of a directive or order only when so dictated by the nature of the information, order, or directive, as authorized by proper authority.

\* \* \* \* \* \*

G. *Speeches or Department Representation:*

2. Public Appearance—Speeches: An employee shall not address a public gathering, appear on radio or television, prepare any article for publication or act as correspondent for a newspaper or periodical, for the purpose of discussing, releasing or divulging any information concerning the activities, plans, methods, policies, affairs of the administration, personal matters, investigative information or any other matters of the Department or its personnel without prior approval of the Troop Commander or Bureau/Division Director.

Rode seeks a declaration that these provisions are unconstitutional and an injunction permanently enjoining their enforcement. Defendants, on the other hand, argue that (1) Rode's challenge to sections 4–6.0.-3(A)(2), 4–6.0.3(B)(1) and (2) and 4–6.0.-3(G)(2) became moot when these provisions were rescinded on November 21, 1986 and (2) that the remaining section, 4–6.0.3A is not unconstitutionally vague or overbroad. The parties have briefed the issues and this matter is now ripe for disposition.

*Discussion*

*Mootness*

Defendants contend that Rode's challenge to sections 4–6.0.3(A)(2), 4–6.0.3(B)(1) and (2) and 4–6.0.3(G)(2) has been mooted by their recission. In support of their contention, defendants have submitted the affidavit of Jay Cochran, Jr., Commissioner of the Pennsylvania State Police, which avers that these provisions are no longer in effect by virtue of Special Order 86–187 and that "while it is [the Commissioner's] intention to ultimately replace the rescinded provisions of Administrative Regulation Section 4–6, their substitutes shall not contain any of the requirements and/or limitations challenged by plaintiffs in this lawsuit." (Affidavit of Jay Cochran, Jr., at ¶ 3). Rode, of course, maintains that defendants' voluntary repeal of these sections does not render her challenge moot.

As a general rule, the "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot." *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303, 1309 (1953). However, a case becomes moot if "(1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, ... and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642, 649 (1979) (citations omitted). Defendants' burden of demonstrating mootness is a heavy one. *Grant,* 345 U.S. at 633, 73 S.Ct. at 897, 97 L.Ed. at 1309.

We find that defendants have not satisfied their burden. Defendants' assurances that the Commissioner will not issue new regulations which contain the constitutional infirmities found in the instant provisions are not sufficient to establish that there is no reasonable expectation that the alleged violations will recur. In *Phillips v. Pennsylvania Higher Education Assistance Agency,* 657 F.2d 554 (3d Cir.1981), the plaintiffs, recipients of student loans, contested, *inter alia,* the policy of defendant, the Pennsylvania Higher Education Assistance Agency of seeking attorney's fees in loan cases. Accepting plaintiff's position that defendant's policy was unlawful the District Court issued an injunction prohibiting defendant from collecting attorney's fees unless specifically authorized by the loan agreement. The defendant argued that the injunction was improper because the attorney's fees controversy was mooted by the discontinuance of the practice of seeking attorney's fees and its promise not to do so in the future. Reject-

ing the mootness argument, the court stated:

> Even though PHEAA apparently has not filed a complaint requesting fees, except where specifically authorized, since April 1, 1979, and even though the Agency maintains that it does not intend to resume such requests, it is not certain that changes in state leadership or philosophy might not result in reinstitution of the policy. Present intentions may not be carried out, and, at any rate, they are not controlling on the issue of mootness. *Id.* [345 U.S.] at 633, 73 S.Ct. at 897. *See Ammond v. McGahn,* 532 F.2d 325, 328 (3d Cir.1976).

*Id.* at 569–70.

Thus, since defendants have not shouldered their burden of demonstrating mootness and have not opposed Rode's contention that sections 4–6.0.3(A)(2), 4–6.0.3(B)(1) and (2) and 4–6.0.3(G)(2) are unconstitutional, we have no choice but to issue an injunction permanently enjoining their enforcement.

*Vagueness*

We now turn to the remaining provision at issue, section 4–6.0.3A which provides as follows:

6.0.3  GENERAL PROVISIONS

A. *Deportment:* Employees of the Pennsylvania State Police shall conduct themselves at all times in such a manner as to reflect most favorably on the Department and the Commonwealth thereby promoting good public relations. Undesirable conduct shall include immorality or any act or conduct not specifically mentioned in these rules which tends to bring the Department and/or Commonwealth into disrepute or reflects discredit upon the individual employee.

Rode argues that this provision is unconstitutionally vague as it requires people of common intelligence to guess at its meaning. Defendants, however, dispute Rode's charge, taking the position that 4–6.0.3A provides adequate notice to employees of the Pennsylvania State Police of the type of conduct which is proscribed and that greater specificity is neither required or practical. Defendants also contend that such a provision is essential to maintaining employee morale and discipline.[1]

A statute or regulation is facially unconstitutional on vagueness grounds if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926). Vague laws are proscribed for several important reasons:

> First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute "abut[s] upon sensitive areas of basic First Amendment freedoms," it "operates to inhibit the exercise of [those] freedoms." Uncertain meanings inevitably lead citizens to " 'steer far wider of the unlawful zone' ... than if the boundaries of the forbidden areas were clearly marked."

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222, 227–28 (1972).

Several courts have analyzed similar "catchall" provisions on vagueness

---

1. Defendants do not contest Rode's standing to put forth a vagueness challenge, *see Aiello v. City of Wilmington,* 623 F.2d 845 (3d Cir.1980), and therefore we will proceed directly to the test for facial vagueness.

grounds and have reached inconsistent results. For example, the Seventh Circuit in *Bence v. Breier*, 501 F.2d 1185 (7th Cir. 1974), *cert. denied*, 419 U.S. 1121, 95 S.Ct. 804, 42 L.Ed.2d 821 (1975) held that a City of Milwaukee police department rule which proscribed "conduct unbecoming a member and detrimental to the service," was unconstitutionally vague. The court found that the rule was vague because it was not capable of objective interpretation by those who were subject to it and by those responsible for its enforcement.

> On its face, the rule proscribes only conduct which is both "unbecoming" and "detrimental to the service." It is obvious, however, that any apparent limitation on the prohibited conduct through the use of these qualifying terms is illusory, for "unbecoming" and "detrimental to the service" have no inherent, objective content from which ascertainable standards defining the proscribed conduct could be fashioned. Like beauty, their content exists only in the eye of the beholder. The subjectivity implicit in the language of the rule permits police officials to enforce the rule with unfettered discretion, and it is precisely this potential for arbitrary enforcement which is abhorrent to the Due Process Clause. Further, where, as here, a rule contains no ascertainable standards for enforcement, administrative and judicial review can be only a meaningless gesture. There is simply no benchmark against which the validity of the application of the rule in any particular disciplinary action can be tested.

*Id.* at 1190.

The *Bence* holding was recently reaffirmed by the Seventh Circuit in *O'Brien v. Town of Caledonia*, 748 F.2d 403 (7th Cir.1984).

The Fifth Circuit, in contrast, has taken the position that such regulations are constitutional. In *Davis v. Williams*, 617 F.2d 1100 (5th Cir.), *cert. denied*, 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160 (1980), the plaintiffs challenged a rule of the Irving, Texas, fire department prohibiting public employees from engaging in conduct prejudicial to good order. Plaintiffs claimed that this provision was so vague or overbroad as to offend the Constitution. The district court agreed with plaintiffs and issued an injunction prohibiting its enforcement. The Fifth Circuit, citing two Supreme Court cases, *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), and *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) held that the fire department rule was constitutional. Relying on *Davis*, the Fifth Circuit reiterated its position six months later in *Bickel v. Burkhart*, 632 F.2d 1251 (5th Cir.1980).

Closer to home, the District Court of Delaware in *Hopkins v. Mayor & Council of City of Wilmington*, 600 F.Supp. 542 (D.Del.1984) rejected a vagueness attack made by a police officer of the Wilmington Police Department against a department rule prohibiting conduct "which is prejudicial to the good order, discipline, or efficiency of the Department of Police." The court rejected plaintiff's challenge because it found that the rule provided adequate notice of the type of conduct which is prohibited. The court explained:

> While perhaps not achieving semantic precision, these rules provide, at the very least, a basic indication of the type of conduct that is prohibited. In this context, the Constitution requires no more. Indeed, the provision may only fail for vagueness if it is void in all of its applications.

*Id.* at 554.

After carefully reviewing the relevant case law, we conclude that section 4–6.0.3A is able to withstand Rode's vagueness challenge. The guiding principle of the vagueness doctrine is one of fairness and we believe that section 4–6.0.3A is essentially fair. It is a reasonable accommodation between the interests of the individual employee and the Pennsylvania State Police. It provides men of ordinary intelligence with notice of the type of conduct which is prohibited. It also allows the State Police to maintain morale and exercise discipline, a substantial and legitimate interest of the State Police. Furthermore, we are of the opinion that such a provision could not be made more explicit. As the

court in *Meehan v. Macy*, 392 F.2d 822, 835 (D.C.Cir.), *modified*, 425 F.2d 469 (D.C.Cir. 1968) explained:

> [I]t is not feasible or necessary for the Government to spell out in detail all that conduct which will result in retaliation. The most conscientious of codes that define prohibited conduct of employees include 'catchall' clauses prohibiting employee 'misconduct,' 'immorality,' or 'conduct unbecoming.'

Accordingly, we find that Section 4–6.0.3A is not void for vagueness.[2]

### ORDER AND JUDGMENT

AND NOW, this 31st day of December, 1986, it is ordered that:

1) Judgment is hereby entered in favor of plaintiff and defendants are hereby permanently enjoined from enforcing the following provisions of Administrative Regulation 4–6:

    a.  4–6.0.3(A)(2)

    b.  4–6.0.3(B)(1) and (2)

    c.  4–6.0.3(G)(2)

2) In all other respects, judgment is hereby entered in favor of defendants.

---

**2.** Rode argues additionally that section 4–6.0.3A must fall because it is not severable from the provisions which have been deemed unconstitutional. We disagree. Contrary to Rode's contention section 4–6.0.3A is not so interwoven with the unconstitutional provisions as to be inseparable and is therefore severable. *See Commonwealth, Department of Education v. First School*, 471 Pa. 471, 370 A.2d 702 (1977).